Jessalynn BURKE, Plaintiff,

v.

FIRE UNDERWRITERS ASSOCIATION, Truck Underwriters Association, Farmers Underwriters Association, and Donald Albert Heerman, et al., Defendants.

No. 1355.

United States District Court
W. D. Missouri, S. W. D.

Feb. 19, 1958.

A. H. Maus, Edward V. Sweeney, Monett, Mo., for plaintiff.

Robert E. Seiler, Seiler, Blanchard & Van Fleet, Joplin, Mo., for defendants.

RIDGE, District Judge.

One of the salient features of the Federal Rules of Civil Procedure, and particularly those dealing with discovery practice (Rules 26 to 37, 28 U.S. C.A.), is that they are to be utilized to eliminate the surprise element in litigation and permit all parties to obtain adequate factual information for trial. They are designed primarily to operate without judicial scrutiny, except where

the court may be called upon to protect a party from "annoyance, embarrassment, or oppression." Rule 30(b).

For the purpose of discovery, Rule 33 specifically provides that a "party may serve upon any adverse party" interrogatories to be answered, or objected to, within a specified term; that "interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the same extent as provided in Rule 26 (d) for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, * * *. The number of interrogatories or of sets of interrogatories to be served is not limited * * *. The provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

So much has been written on the subject of the form of interrogatories, and objections thereto, it seems unnecessary to expatiate upon that matter here, except to say that it is now too late for any court to hold that Rule 33, and other Rules on discovery, can be construed to mean that diligence of a party, or his counsel, to make extensive use thereof is *a priori* "annoyance, embarrassment, or oppression" of an opposite party; nor that judicial discretion is a fiat to read restriction into such Rules, not intended by the framers thereof.

Pleadings in the United States District Courts are considered nothing more than notice of a claim or defense. The Rules contemplate that they are to be supplemented by discovery of facts. The underlying philosophy of the Rules is that issues be submitted to the courts on their merits. The merits of a case are the combination and weight to be legally given to a factual situation. When a federal court is called upon to pass on that matter, the discovery rules demand that the parties be ready to disgorge all knowledge they have concerning that situation, no matter if it is laborious to do so, subject only to "vexation, embarrassment, or oppression."

The latter factor does not exist here, from a consideration of plaintiff's suggestions in support of her motion to strike interrogatories propounded by defendant. Such motion is accordingly overruled.

It is so ordered.